THE STATE, EX REL. BURNS, *v.* ROSS, CHIEF OF POLICE.

(No. 1395—Decided December 2, 1957.)

*Mr. H. A. Mills,* for relator.
*Messrs. Guarnieri & Secrest,* for respondent.

GRIFFITH, J. Petitioner has invoked the original jurisdiction of this court by a petition in *quo warranto* to test the legality of the respondent's position as Chief of Police of the city of Niles. He asks that the respondent be ousted from the position and that he be inducted therein.

A competitive promotional examination for this position was held on May 24, 1957. The only eligible parties to be admitted to this examination were Sergeant Andrew Toriello, the relator, Russell Burns, and the respondent, John Ross.

The examination consisted of twenty questions under the heading, "Written Questions and Answers," and ten questions under the caption, "Oral Questions and Answers." During the course of the examination, each sergeant was taken to the mayor's office separately, where the questions listed under "Oral Questions and Answers" were propounded to the contestant and answers received orally, and the answers were given equal credit with the answers given under the heading, "Written Questions and Answers."

It later developed that a hidden microphone had taken a record of the questions orally propounded and the answers given. The civil service commission, after examining the answers given, graded the papers and found that Sergeant Ross received a grade of 77 per cent, and that the relator, Sergeant Burns, received a grade of 72.96 per cent, and declared Ross the winner and certified him as such, and he was thereafter appointed and now is serving as such chief of police.

Relator contends that the examination was contrary to law in the following respects:

1. That it violated the second paragraph of Section 143.16,

Revised Code, which provides that promotional examinations shall be in writing.

2. That many of the questions were not of a character that answers would determine the fitness of a person to fill the office of chief of police.

3. That notice of the examination was illegal.

The record in this case consists of the petition in *quo warranto,* the answer, which is a general denial, a four page statement of agreed facts and four exhibits.

Relator brings this action under authority of Section 2733. 06, Revised Code, which is the only authority given an individual to institute an action in *quo warranto* and which provides:

"A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs."

The first ten words of that section place a burden on the plaintiff to show that he is entitled to the office. Does the record disclose that the relator is entitled to the office? In the case of *State, ex rel. Smith,* v. *Nazor,* 135 Ohio St., 364, at page 368, 21 N. E. (2d), 124, the court said:

"It is well settled that in order for a private relator to maintain an action in *quo warranto* under Section 12307, General Code, to recover a public office, he must show himself entitled to that office. * * * The relator, having no right to the office of councilman, this court must refuse to grant an order of induction."

In the case of *State, ex rel. Flask, Jr.,* v. *Collins,* 148 Ohio St., 45, 48, 73 N. E. (2d), 195, the court said:

"We are not concerned in this case with the strength or weakness of the title of the respondent to the office of councilman and it is not necessary for us to decide whether the president of council had the power to cast a deciding vote for respondent when there was a tie in council in attempting to elect him.

"* * *

"Under that section, the only thing that can be tried is the title to the office of the one bringing the action and the strength or weakness of the title of the respondent is of no concern. * * *"

Of like tenor, is the holding in the case of *State, ex rel. Joecken, v. Lynch,* 123 Ohio St., 676, 177 N. E., 765, wherein the court concisely stated:

"And it appearing that the title of the relator to the office of fire chief of the village of Fairview is not superior to that of respondent, and said relator being required to show a clear right to the office he claims before he is entitled to a judgment of ouster against the incumbent, the writ is denied."

Even if the appointment of the respondent, Sergeant Ross, upon the certification of the civil service commission, was unlawful, and he held the office by virtue of an illegal examination, he is at least the *de facto* chief of police, and the relator, Burns, would not, under the evidence before us, be entitled to maintain this suit. It would still be necessary for him to show not only that the respondent was unlawfully holding the office and exercising its functions, but that he himself was entitled to exercise the office of chief of police. This he has not done.

Section 2733.08, Revised Code, provides that the court may render judgment upon the right of the defendant, and also on the right of the person averred to be so entitled or only upon the right of the defendant as *justice requires.*

Much may be said for and against the legality of the examination conducted by the civil service commission, but as Judge Stewart said in the case of *State, ex rel. Flask, Jr., v. Collins, supra* (148 Ohio St., 45), as hereinbefore quoted:

"* * * the only thing that can be tried is the title to the office of the one bringing the action and the strength or weakness of the title of the respondent is of no concern."

There is no charge of fraud in this case. This court is neither impelled nor compelled to decide the question of the title of the respondent to the office, and justice does not so require. Other questions are presented by counsel in their arguments and written briefs but, as to them, we express no opinion. It is not necessary for us to decide those questions in this case or to pass on the other assigned errors.

The relator having no right to the office of chief of police, this court must refuse to grant an order of ouster and induction.

*Writ denied.*

NICHOLS, P. J., and PHILLIPS, J., concur.