THE STATE, EX REL. MIKUS, PROS. ATTY., *v.* HIRBE.
THE STATE, EX REL. MIKUS, PROS. ATTY., *v.* MALINOVSKY.
THE STATE, EX REL. MIKUS, PROS. ATTY., *v.* METELSKY.
THE STATE, EX REL. MIKUS, PROS. ATTY., *v.* SOLOMON.
THE STATE, EX REL. MIKUS, PROS. ATTY., *v.* HOLOMUZKI.
THE STATE, EX REL. MIKUS, PROS. ATTY., *v.* BULZOMI.

(Nos. 1688, 1689, 1690, 1692, 1694 and 1695—Decided
December 8, 1965.)

*Mr. Paul J. Mikus*, prosecuting attorney, and *Mr. Nicholas R. Curci*, for relator.

*Messrs. Lucas, Prendergast, Albright & Warren, Messrs. Provenza, Friedman, Cirigliano & Zieba*, and *Mr. Ray L. Miraldi*, for respondents.

HUNSICKER, J. One opinion is written in this matter, which was orally argued as one case, although such argument is to apply to each of the cases above designated and numbered.

An original action in quo warranto was filed in this court, in case No. 1688, alleging that the respondent, Robert L. Hirbe, "has usurped, and unlawfully holds and exercises the office of Chief of Police Department in the City of Lorain, Ohio * * *."

It is also alleged that the Civil Service Commission of that city gave notice and held a competitive examination for the office of Chief of Police, and various other positions in the police department; and, after grading such examinations, the Civil Service Commission unlawfully certified this respondent to a position in the police department. Further, it is stated that the Mayor of the city of Lorain unlawfully promoted this respondent to the office of Chief of Police.

The same general allegations are contained in each of the other petitions filed in the cases numbered above, excepting only that the designated position to which the Mayor of the city of Lorain made the appointment is a position in the police department other than that of Chief of Police.

The relator asks that Robert L. Hirbe, and the named respondent in each of the other five cases decided herewith, be required to answer "by what warrant he claims to have, use, exercise and enjoy said office * * *." A judgment of ouster is requested, effective as of the date of the promotional appointment. It is also requested that this respondent, Robert L. Hirbe, and the respondent named in each of the other cases, be returned to their former positions in the police department of the city of Lorain, Ohio.

In each of these original actions, except in case No. 1695, a demurrer has been filed on the grounds that, first, "it appears on the face of the petition that there is a defect of parties plaintiff," and, second, "that the petition does not state facts which show a cause of action."

In case No. 1695, the respondent, Victor R. Bulzomi, demurred to the petition for the reasons that, first, "the petition on its face does not state facts which state a cause of action," and, second, "the court has no jurisdiction of the subject matter of the action."

It is claimed that an action such as these original actions in quo warranto cannot be commenced by the prosecuting attorney except at the request of the Governor, the Supreme Court of Ohio, or the General Assembly, and that a failure to allege this prerequisite request makes the petitions herein fatally defective. In effect it is alleged that the prosecuting attorney has no right to bring these actions by the exercise of his own discretion. With this contention we do not agree. Two sections of the Re-

vised Code provide for the bringing of actions in quo warranto; one is Section 2733.04, Revised Code, and the other is Section 2733.05, Revised Code. It is obvious that this action was properly filed under the provisions of the latter section, which gives wide discretion and latitude to the prosecuting attorney in the matters set out in Sections 2733.01 and 2733.02, Revised Code.

Does the petition state a cause of action?

The answer to this question hinges on whether in this proceeding a police officer—whether chief of police, lieutenant, or sergeant—occupies a public office. In other words, does the respondent in each of these cases now being determined, and including Robert L. Hirbe in this case, hold a public office within the terms of Section 2733.01, Revised Code, which reads as follows:

"A civil action in quo warranto may be brought in the name of the state:

"(A) Against a person who usurps, intrudes into, or unlawfully holds or exercises a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state;

"(B) Against a public officer, civil or military, who does or suffers an act which, by law, works a forfeiture of his office;

"(C) Against an association of persons who act as a corporation within this state without being legally incorporated."

This court has heretofore determined, in *Wright* v. *City of Lorain,* 70 Ohio App. 337, at p. 340, and *State, ex rel. Randel,* v. *Scott, Aud.,* 95 Ohio App. 197, that a police officer of a municipal corporation is a public officer. We were supported in that determination by a majority of the other jurisdictions of this country as they are collated in 84 A. L. R. 310, and 156 A. L. R. 1356. See also: 37 American Jurisprudence 856, "Municipal Corporations," Section 225, note 12. We do not now recede from the position taken there, but after further study of the authorities, we adhere to the conclusion reached in such cases.

We think it follows logically that, if one is a public officer, he is such because he occupies a public office. The duties of the police officers concern the public, and, in this matter, public officer and public office ought to be considered inseparable.

In the case of *Scofield* v. *Strain, Mayor,* 142 Ohio St. 290, the court, speaking through Matthias, J., said:

"It has been held quite uniformly that to constitute a position a public office there must be attached thereto the exercise of a portion of the sovereignty of the state and hence that the performance of an executive, legislative or judicial act is a recog-- nized test of public office, and if the incumbent of the position receives his authority from the law and discharges some functions of government he will be considered a public officer. 22 Ruling Case Law, 374, Section 4.

"It is stated by Mechem on Public Offices and Officers, 1 *et seq.*, Section 1 *et seq.*:

" 'A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer. * * *

" 'The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government * * *. Unless the powers conferred are of this nature, the individual is not a public officer. * * *

" 'A public office differs in material particulars from a public employment, for, as was said by Chief Justice Marshall, "although an office is an employment, it does not follow that every employment is an office. A man may certainly be employed under a contract, express or implied, to perform a service without become an officer." ' "

See also: *State, ex rel. Brand,* v. *Eversman,* 155 Ohio St. 383.

The Court of Appeals for Trumbull County recognized the position of Chief of Police as a public office in the case of *State, ex rel. Burns,* v. *Ross, Chief of Police,* 105 Ohio App. 307, and in that case entertained jurisdiction in quo warranto.

For the reasons above stated, we conclude that the demurrer filed in each of the several cases must be overruled.

*Demurrers overruled.*

DOYLE, P. J., and BRENNEMAN, J., concur.