STATE of Missouri, ex rel. George McELROY, et al., Relators,

v.

John L. ANDERSON, Judge Twenty-Third Judicial Circuit, Respondent.

No. 60386.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 13, 1991.

George B. McElroy, III, Pros. Atty., Steven W. Jerrell, Asst. Pros. Atty., Hillsboro, for relators.

Marc B. Fried, District Defender, Hillsboro, for respondent.

SMITH, Presiding Judge.

In the underlying case, *State v. Barry James Cherry*, the respondent has ordered Candace Welch, the assistant prosecuting attorney responsible for the case, disqualified from representing the state solely on the basis that she is not a resident of

Jefferson County. No dispute exists that Ms. Welch is not a resident of the County. Relators, the prosecuting attorney of Jefferson County, and Ms. Welch, sought our writ of prohibition to prevent the disqualification. We issued our preliminary writ which we now make permanent.

Respondent based his action upon the provisions of Secs. 56.010 and 56.151.2, R.S.Mo.1986. The former provides in pertinent part:

"... there shall be elected in each county of this state a prosecuting attorney, who shall be a person learned in the law, duly licensed to practice as an attorney at law in this state, and enrolled as such, at least twenty-one years of age, and who has been a bona fide resident of the county in which he seeks election for twelve months next preceding the date of the general election at which he is a candidate for such office ..."

The latter section provides:

"2. The assistant prosecuting attorneys shall possess the same qualifications and shall be subject to the same fines and penalties for neglect of duty or misdemeanor in office as the prosecuting attorney."

In *Labor's Educational and Political Club–Independent v. Danforth*, 561 S.W.2d 339 (Mo. banc 1977) the court recognized a distinction between qualifications and eligibility. While the issues in that case differ from those before us, that there is a distinction between those concepts is important. The *Danforth* case acknowledges that the difference between an eligibility requirement and a qualification requirement has "been confused by the cases and, even when they are defined, the difference may appear to be both academic and esoteric." *l.c.344*. Whether the particular condition of office is an eligibility requirement or a qualification must be determined by the particular office under consideration and the apparent intent of the legislature in establishing the condition.

Our reading of Sec. 56.010 convinces us that the general assembly has created both qualifications and an eligibility requirement

in that section. The qualifications are an age requirement, a legal education, and licensing and enrollment as an attorney. These are minimum qualifications for any one to be able to function in the position of prosecuting attorney or to serve as a lawyer representing the state in court. In addition to these qualifications the general assembly has provided that in order to be eligible to run for the office in an election the candidate must be a resident of the county for a year before the election. This requirement is not a necessary qualification for an individual to perform the duties of representing the state in court but is rather an eligibility requirement in order to seek this elected office. We need not speculate on why the general assembly has chosen to impose the particular residency requirement it has, it is sufficient to note that requiring a period of residency within the election district or area is a common requirement for publicly elected officials, whether legislative, executive, or judicial.

Sec. 56.151 does not deal with elected officials. It deals rather with employees of an elected official who are directly answerable to that official, who in turn is answerable to his constituents for the conduct of his employees. Because these employees are representing the state in the courts it is reasonable that they also possess the minimum qualifications necessary to perform that job. Residency is not a necessary prerequisite for performance of that representation. In utilizing the term "qualifications" in that section we conclude that the general assembly was directing its attention to the qualifications necessary to perform the job of representing the state and was not concerned with the eligibility requirement imposed upon the prosecuting attorney as a condition to seeking public office. We conclude therefore that Sec. 56.151 does not impose upon assistant prosecuting attorneys a condition of residency within the county. In *State v. Fears*, 803 S.W.2d 605 (Mo. banc 1991) [7] the court expressed its reluctance to read Chapter 56 in such a narrow fashion as to defeat the utilization of non-resident prosecutors. We share that reluctance.

In oral argument respondent advanced the proposition that the residency requirement of Sec. 56.010 carries by implication a requirement that the elected prosecuting attorney maintain his residency in the county throughout his term and that becomes a "qualification" of office engrafted in turn upon his assistants by Sec. 56.151. We need not reach the question of the prosecuting attorney's continued residence in the county as a condition of his retaining his office. The residency provision is an eligibility requirement directed to the prosecuting attorney as an elected official. His assistants are not elected officials and the provision does not apply.

Respondent further advances the theory that an amendment in 1990 to Sec. 56.240 dealing with third and fourth class counties indicates a legislative intent to impose a residency requirement upon first and second class counties pursuant to Sec. 56.151. We can best characterize this as the theory of retroactive intent. It presumes that the general assembly in 1990 expressed in its amendment the intent of the general assembly in 1973 when Sec. 56.151 was originally enacted. We are not prepared to accept such a concept of institutional memory. The general assembly did not in 1990 make any change in Sec. 56.151. We cannot presume it intended to do by indirection what it did not do directly. We need not reach relators' remaining points including their challenge to the constitutionality of the residence provision.

Our preliminary writ of prohibition is made permanent. Respondent is authorized to proceed with the proceedings in *State v. Barry James Cherry* but is prohibited from disqualifying Candace Welch, assistant prosecuting attorney, on the basis of her residency.

SATZ and AHRENS, JJ., concur.