487 S.E.2d 891

STATE of West Virginia, Plaintiff Below, Appellant,

v.

Dennis MACRI, Defendant Below, Appellee,

and

STATE of West Virginia, Plaintiff Below, Appellant,

v.

Michael J. GREEN, Defendant Below, Appellee,

and

STATE of West Virginia, Plaintiff Below, Appellant,

v.

Gerold W. JAKO, Defendant Below, Appellee,

and

STATE of West Virginia, Plaintiff Below, Appellant,

v.

Curtis SMELLEY, Defendant Below, Appellee,

and

STATE of West Virginia, Plaintiff Below, Appellant,

v.

Richard A. MITCHELL, Defendant Below, Appellee.

No. 23468.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1996.

Decided Dec. 19, 1996.

Rehearing Refused Feb. 11, 1997.

Melvin W. Kahle, Jr., Prosecuting Attorney Wheeling, for Appellant the State of West Virginia.

Stephen D. Herndon, Wheeling, for Appellee Dennis Macri.

John L. Bremer, Wheeling, for Appellee Michael J. Green.

Don A. Yannerella, Wheeling, for Appellee Curtis Smelley.

Jacob M. Robinson, Wheeling, for Appellees Gerald W. Jako and Richard A. Mitchell.

WORKMAN, Justice:

The plaintiff below and Appellant herein, the State of West Virginia (hereinafter Appellant or State), appeals[1] the final orders of the Circuit Court of Ohio County that dismissed the indictments returned by the Jan-uary 1996 Term of the Ohio County Grand Jury against the defendants below and Appellees herein, Dennis Macri, Michael J. Green, Gerold W. Jako, Curtis Smelley, and Richard A. Mitchell (hereinafter Appellees).[2] At the time Appellees' alleged criminal activities were presented to the grand jury, Appellant concedes that Randy Dean Gossett, a full-time assistant prosecuting attorney for Ohio County, "was either present in the Grand Jury room or made the actual presentment of the Indictment[s] and testimony to the Grand Jury." Appellant further admits Mr. Gossett is a lifelong resident and citizen of the State of Ohio.

The circuit court dismissed the indictments against Appellees without prejudice holding that Article IV, Section 4 of the West Virginia Constitution requires assistant prosecuting attorneys to be citizens of the State of West Virginia. Consequently, the circuit court concluded Mr. Gossett was an unauthorized person to appear before the grand jury and the indictments brought against Appellees are void per se. On appeal, Appellant argues an assistant prosecuting attorney need not be a citizen of this State and requests this Court to vacate the dismissal orders and remand the cases for further prosecution. For the following reasons, we find the citizenship requirement contained within Article IV, Section 4 of our constitution does not apply to an assistant prosecuting attorney.

I.

FACTS

According to Appellant, Mr. Gossett lives in Flushing, Ohio, which is twenty-five miles from Wheeling, West Virginia, the Ohio County seat. Mr. Gossett is licensed to prac-

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996, and continuing until further order of this Court.

2. The indictment returned against Appellee Macri was dismissed by order dated March 22, 1996. The indictments returned against Appellees Green, Jako, and Smelley were dismissed by orders dated March 26, 1996. The indictment returned against Appellee Mitchell was dismissed by order dated March 28, 1996. The indictments covered a variety of felony offenses.

tice law in both Ohio and West Virginia, but he has never practiced law anywhere other than Wheeling. Appellant asserts Mr. Gossett began working in Wheeling in May of 1984, became licensed to practice law in West Virginia in October of 1984, and has remained a member of the West Virginia State Bar since that time. Having taken the oath of office on March 31, 1994, Mr. Gossett began working as a part-time assistant prosecuting attorney on April 1, 1994, and he became the first full-time assistant prosecuting attorney for Ohio County the following year.

## II.

## ARGUMENT

### A.

#### *State's Ability to Appeal Dismissal of Indictments*

On August 16, 1996, Appellees filed a motion to dismiss Appellant's petition for appeal pursuant to Rule 18(a) of our Rules of Appellate Procedure.[3] We denied this motion on September 5, 1996. Nevertheless, to make the reasons for our denial clear, we now find it necessary to address the issues raised therein by Appellees.

We recently discussed the State's limited ability in a criminal case to obtain review of a circuit court's action in *State ex rel. Forbes v. Canady,* 197 W.Va. 37, 475 S.E.2d 37 (1996). Specifically, we said appellate review of a criminal case is limited to: (1) those situations covered by either constitution or statute; and (2) those situations in which the circuit court acted beyond its jurisdiction. *Id.* at 41, 475 S.E.2d at 41 (citing Syl. Pt. 1, *State v. Jones,* 178 W.Va. 627, 363 S.E.2d 513 (1987); Syl. Pt. 5, *State v. Lewis,* 188 W.Va. 85, 422 S.E.2d 807 (1992)).[4] In their motion, Appellees assert the dismissal of the indictments against them do not fall within either of these categories because (1) the indict-

ments were not challenged as being bad or insufficient as required under the relevant statute and (2) the circuit court's action did not deprive Appellant of its prosecutorial rights as the indictments were dismissed without prejudice and new indictments may be brought in each case. Therefore, Appellees claim Appellant has no right to a direct appeal, nor a right to seek a writ of prohibition from this Court. To resolve the issues raised by Appellees, we turn to the relevant statute and *Forbes* for a more complete explanation of Appellant's right to seek review of the circuit court's decision.

■ West Virginia Code § 58-5-30 (1966) provides the statutory authority for the State to seek review of a dismissal of an indictment in limited situations. This statute states, in part:

> Notwithstanding anything hereinbefore contained in this article, whenever in any criminal case an indictment is held bad or insufficient by the judgment or order of a circuit court, the State, on the application of the attorney general or the prosecuting attorney, may obtain a writ of error to secure a review of such judgment or order by the supreme court of appeals. . . .

W. Va.Code § 58-5-30. As is evident by the language contained therein, this statute only applies when an indictment is found to be either bad or insufficient. In *Forbes,* we explained that an indictment is considered bad or insufficient

> "when within the four corners of the indictment it: (1) fails to contain the elements of the offense to be charged and sufficiently apprise the defendant of what he or she must be prepared to meet; and (2) fails to contain sufficient accurate information to permit a plea of former acquittal or conviction."

*Id.* (citing *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240, 250–51 (1962)).

---

**3.** Rule 18(a) provides, in part: "At any time after the granting of an appeal, any party to the action appealed from may move the Supreme Court to dismiss the appeal on any of the following grounds: ... (4) lack of an appealable order, ruling, or judgment; or (5) lack of jurisdiction."

**4.** Syllabus point one of *Jones* provides: "Our law is in accord with the general rule that the State has no right of appeal in a criminal case, except as may be conferred by the Constitution or a statute." Syllabus point five of *Lewis* is quoted in the text of this opinion, *infra.*

■ The defendant in *Forbes* asserted the State had no statutory authority to appeal the circuit court's dismissal of an indictment against him because the indictment was not challenged on the grounds it was either bad or insufficient under West Virginia Code § 58–5–30. Rather, the defendant's challenge to the indictment was based upon the fact that the State violated the mandatory joinder of offenses requirement contained within Rule 8(a) of the West Virginia Rules of Criminal Procedure (hereinafter Rule 8(a)). *Id.* at 41–42, 475 S.E.2d at 41–42 Upon review of the record, we agreed with the defendant that the evidence demonstrated that the circuit court dismissed the indictment for no reason other than the defendant's challenge under Rule 8(a). In addition, we determined such a dismissal did not render the indictment either bad or insufficient as contemplated by West Virginia Code § 58–5–30. *Id.* Accordingly, we concluded the State had no authority to appeal the circuit court's decision under this statute. *Id.* at 42, 475 S.E.2d at 42.

■ Nevertheless, we found the State possessed the right to have appellate review of the circuit court's decision by seeking a writ of prohibition. *Id.* We set forth the criteria necessary for the State to be awarded a writ of prohibition in a criminal case in syllabus point five of *Lewis* which provides:

The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.

The State in *Forbes* argued that the circuit court exceeded its jurisdiction when it dismissed the indictment under Rule 8(a). We agreed and found the State will be deprived of its prosecutorial rights and, perhaps, a valid conviction if the dismissal of the indict-

ment was improper. Therefore, we proceeded to address the merits of the case through the achromatic lens of prohibition. 197 W.Va. at 42, 475 S.E.2d at 42.

■ In the present cases, Appellees challenged their indictments because the assistant prosecuting attorney was not a citizen of West Virginia and he, at the very least, appeared before the grand jury with respect to the indictments. The circuit court determined such citizenship was a requirement under our constitution and, therefore, the assistant prosecuting attorney was an unauthorized person to appear at the grand jury proceedings. Consequently, the circuit court concluded the indictments issued against Appellees were void per se.

After reviewing the circuit court's reasoning and conclusion, we find it is clear that the indictments were not dismissed for being bad or insufficient as set forth in West Virginia Code § 58–5–30. Rather, the indictments were dismissed as a result of the alleged impropriety of the assistant prosecuting attorney's appearance before the grand jury. As a result, we find, as we did in *Forbes,* that Appellant has no right to a direct appeal of the circuit court's decision pursuant to West Virginia Code § 58–5–30.

■ Turning to the second method of review announced in *Forbes,* we must determine whether the circuit court exceeded its jurisdiction to such an extent that it authorizes the State to seek a writ of prohibition. As we explained in syllabus point five of *Lewis,* a writ of prohibition in a criminal case may be sought by the State when a lower court acts beyond or exceeds its jurisdiction. A petition for a writ of prohibition is required to be promptly presented and any proceeding thereon cannot violate the Double Jeopardy Clause or the speedy trial requirement. To be awarded the writ, the State must show "that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction." Syl. Pt. 5, in part, *Lewis.*

■ As previously mentioned, Appellees argue Appellant cannot meet this burden be-

cause each Appellee may be reindicted.[5] However, the circuit court's ruling prevents the assistant prosecuting attorney from ever being able to reindict or, for that matter, retain his current position. Moreover, we are aware that there is a split among our circuit courts as to whether an assistant prosecuting attorney must be a citizen of West Virginia.[6] Given the gravity of the circuit court's ruling and the fact this issue will continue to arise, we believe it more prudent to decide the issue now. Therefore, under these unique facts, we mould Appellant's appeal as a petition for a writ of prohibition and proceed to address the merits of Appellant's claim.

## B.

### Citizenship of an Assistant Prosecuting Attorney

The underlying issue in this case is whether an assistant prosecuting attorney is a public officer and subject to the citizenship requirement contained within Article IV, Section 4 of the West Virginia Constitution. As this issue only presents a question of law, our review is plenary and de novo. *See State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995).

Article IV, Section 4 of the West Virginia Constitution provides:

> No person, except citizens entitled to vote, shall be elected or appointed to any state, county or municipal office; but the governor and judges must have attained the age of thirty, and the attorney general and senators the age of twenty-five years, at the beginning of their respective terms of service; and must have been citizens of the State for five years next preceding their election or appointment, or be citizens at the time this Constitution goes into operation.

(Emphasis added). Appellant maintains the citizenship requirement in this provision only applies to those who are elected public officials and to those who are appointed to fill vacancies in elected or constitutionally-created offices.[7] Appellant strongly argues that this provision does not apply to an assistant prosecuting attorney because that position is neither an elected office, nor is it a constitutionally-created office.

Indeed, we find the position of assistant prosecuting attorney was created by the legislature. The relevant statutory language is contained within West Virginia Code § 7–7–8 (1993), which states, in part:

> The prosecuting attorney of each county may, in accordance with and limited by the provisions of section seven [§ 7–7–7] of this article, appoint practicing attorneys to assist him in the discharge of his official duties during his term of office. Any attorney so appointed shall be classified as an assistant prosecuting attorney and shall take the same oath and may perform the same duties as his principal. Each assistant shall serve at the will and pleasure of his principal and may be removed from office by the circuit court of the county in which he is appointed for any cause for which his principal might be removed.
>
> . . . .
>
> The compensation to be paid to an assistant prosecuting attorney shall include compensation provided by law for any services he [or she] renders as attorney for any administrative board or officer of his [or her] county.

Appellant basically argues that a fair reading of this statute does not make an assistant prosecuting attorney an officer for purposes of the citizenship requirement contained within Article IV, Section 4 of the West Virginia Constitution. In addition, Appellant

---

**5.** Appellees do not argue that there would be violations of the prompt presentment rule, the Double Jeopardy Clause, or the speedy trial requirements.

**6.** As a supplement to the record, we accepted a decision by the Circuit Court of Monongalia County styled *State v. Jordan*, Criminal Case No. 94–F–65 (1996). In that case, the circuit court

determined an assistant prosecuting attorney need not be a citizen of West Virginia.

**7.** Citizenship is defined in Article II, Section 3 of the West Virginia Constitution as: "All persons residing in this State, born, or naturalized in the United States, and subject to the jurisdiction thereof, shall be citizens of this State."

observes that the legislature did not include citizenship as a requirement within the statute itself, and, even if it had (or if we otherwise find citizenship is necessary), Appellant claims such a requirement would violate the Privileges and Immunities Clause of the United States Constitution.[8]

We previously addressed the issue of whether an assistant prosecuting attorney was a public officer in *Carr v. Lambert,* 179 W.Va. 277, 367 S.E.2d 225 (1988). In *Carr,* an assistant prosecuting attorney sought election to a board of education (hereinafter BOE). *Id.* at 278, 367 S.E.2d at 226. However, under West Virginia Code § 18–5–1a (1967), a member or member-elect to any BOE is prohibited from being a public officer.[9] *Id.* at 279, 367 S.E.2d at 227. Consequently, a mandamus action was brought to compel the ballot commissioners to cease processing the assistant prosecuting attorney's certificate of candidacy and to remove his name from the primary ballot. *Id.* at 278, 367 S.E.2d at 226.

■ Initially, we said in *Carr* that this Court previously had expressed "that the office of prosecuting attorney is a constitutionally created public office." 179 W. Va. at 279, 367 S.E.2d at 227 (citing *State ex rel. Preissler v. Dostert,* 163 W.Va. 719, 730, 260 S.E.2d 279, 286 (1979)).[10] To determine whether an assistant prosecuting attorney was an officer for purposes of West Virginia Code § 18–5–1a, we relied upon syllabus point five of *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970). In syllabus point five of *Carson,* we set forth the following criteria to consider when deciding whether a position is a public office:

Among the criteria to be considered in determining whether a position is an office or a mere employment are whether the position was created by law; whether the

position was designated [as] an office; whether the qualifications of the appointee have been prescribed; whether the duties, tenure, salary, bond and oath have been prescribed or required; and whether the one occupying the position has been constituted a representative of the sovereign.

In *Carr,* we then compared these criteria to the requirements found in West Virginia Code § 7–7–8 to assist us in making our decision as to the status of an assistant prosecuting attorney with respect to West Virginia Code § 18–5–1a. 179 W.Va. at 279, 367 S.E.2d at 227.

■ By specifically looking at West Virginia Code § 7–7–8, we determined an assistant prosecuting attorney: (1) is vested with "the same powers and duties as" a prosecutor; (2) holds a statutorily created position; (3) is "designated implicitly as a public office[r]" under the statute; (4) must be a practicing attorney; (5) is required to take the same oath as a prosecutor; (6) must "serve at the will and pleasure of the prosecutor"; (7) may be removed from office by the respective circuit court for any reason the prosecutor may be removed[11]; and (8) shall be compensated in accordance with the law for legal services rendered "for any administrative board or officer of his [or her] county." 179 W.Va. at 279, 367 S.E.2d at 227 (internal quotations omitted). In syllabus point two of *Carr,* we concluded "[t]he position of assistant prosecuting attorney is an appointed public office and pursuant to *W. Va.Code,* 18–5–1a [1967], a person holding such office is ineligible to serve as a member of any county board of education."

Despite this holding, Appellant insists the present case should not be controlled by *Carr*—as that case only dealt with the narrow issue of whether an assistant prosecuting attorney shall be considered a public officer

---

**8.** Article IV, Section 2, Clause 1 of the United States Constitution provides: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

**9.** At the time, West Virginia Code § 18–5–1a provided, in relevant part: "No member or member-elect of any board of education shall be eligible for nomination, election or appointment to any public office, other than to succeed him-

self...." Amendments to this section were made after our decision in *Carr.*

**10.** The general duties of a prosecuting attorney are prescribed in West Virginia Code § 7–4–1 (1993).

**11.** With respect to this finding, we said the tenure of an assistant prosecuting attorney is not specifically prescribed in the statute. *Id.*

for purposes of serving on a BOE. As authority to treat the situations differently, Appellant cites *State ex rel. Crosier v. Callaghan*, 160 W.Va. 353, 236 S.E.2d 321 (1977), where we held conservation "officers" are "employees" under the wage and hour law.[12] Syl. Pt. 2, *Crosier*. In *Crosier*, we found these "officers" were not covered explicitly by the wage and hour law exclusions and such "officers" should be granted "employee" protection under this law, unless they otherwise fall within an excluded category.[13] *Id.* at 358, 236 S.E.2d at 324.

Additionally, *Crosier* specifically referred to the dissenting opinion in *Carson* wherein the Honorable Harlan M. Calhoun, Judge, recognized "that one might be an officer for one purpose and not for another" and "that the term 'public officer' is vague, at best, and must be interpreted within the context of each statute in which it is employed." *Id.* at 357–58, 236 S.E.2d at 324 (citing *Carson*, 154 W.Va. at 421, 175 S.E.2d at 496–97 (Calhoun, J., dissenting)). We agree with these statements and, therefore, find our decision today cannot be controlled totally by our holding in *Carr*. Although we can look to *Carr* for assistance, we must analyze the issue now confronting this Court in light of the specific constitutional and statutory provisions involved herein, and we must read such provisions in pari materia with each other.

In comparing *Carr* to the present case, we find a significant difference between the two.

In *Carr*, we relied, in part, upon an Ohio court decision which reasoned that a statute prohibiting an assistant prosecuting attorney from serving as a member of a BOE did not violate equal protection because the statute prevented the appearance of impropriety and potential conflicts of interest. 179 W.Va. at 280, 367 S.E.2d at 228 (citing *Bennett v. Celebrezze*, 34 Ohio App.3d 260, 518 N.E.2d 25 (1986)). Likewise, in West Virginia, we found a conflict of interest may arise if an assistant prosecuting attorney serves as a member of a BOE because one of the duties of a prosecuting attorney is to represent the BOE in all matters. *Id.*; *see* W. Va.Code § 7–4–1 (1993).[14] Viewed from this context, it is obvious why this Court determined an assistant prosecuting attorney is an "officer" for purposes of West Virginia Code § 18–5–1a and, thus, is prohibited from serving on a BOE. However, we find the underlying issue is much different in the present case, and there is not such a compelling reason to declare an assistant prosecuting attorney as an "officer" for citizenship purposes within the context of Article IV, Section 4 of the West Virginia Constitution.

With regard to the criteria we adopted in *Carson*, the Appellees generally argue: (1) the position is created by law; (2) the qualifications of the position are prescribed by law, e.g., the position must be filled by a practicing attorney; (3) an assistant prosecuting attorney must take the same oath as a prosecutor[15]; (4) the duties are the same as the

---

**12.** For the current version of the wage and hour law, see West Virginia Code §§ 21–5C–1 to –11 (1996). The exceptions to who shall be considered an employee are contained within West Virginia Code § 21–5C–1(f).

**13.** In arriving at this conclusion, we overruled this Court's prior decision in *State ex rel. Giles v. Bonar*, 155 W.Va. 421, 184 S.E.2d 639 (1971), to the extent it denied wage and hour law coverage "to any employee who is clothed with some official character or responsibility...." 160 W.Va. at 358, 236 S.E.2d at 324. In *Crosier*, we said that this Court simply deemed everyone it could in *Giles* as an officer under the criteria of "officialdom" we set forth in *Carson* and then we declared those "officers cannot be employees...." *Id.* at 356, 236 S.E.2d at 323. As provided in the text of this opinion, *supra*, we later applied the *Carson* criteria in reaching our decision in *Carr*.

**14.** In relevant part, West Virginia Code § 7–4–1 provides: "It shall also be the duty of the prosecuting attorney ... to advise, attend to, bring, prosecute or defend, as the case may be, all matters, actions, suits and proceedings in which ... any county board of education is interested."

**15.** Appellees point out that the assistant prosecuting attorney's certificate of oath was filed in the county clerk's office. As is relevant, Appellees assert only certificates of oaths of "county officers" are authorized to be filed there under West Virginia Code § 6–1–6 (1993). Although it is true that certain "officers" are required to file their certificates in that office, the statute is not preclusive as to others who must take an oath (albeit some are required to file with a different office, such as the Secretary of State). *See* W. Va.Code § 6–1–6. Likewise, we find the other oath requirements cited by Appellees operate in a similar way. *See* W. Va. Const. art. IV, § 5; W. Va.Code §§ 6–1–4 to –7 (1993). In addition,

prosecutor; (5) the salary must be paid according to statute[16]; and (6) an assistant prosecuting attorney exercises sovereign power. *See* Syl. Pt. 5, *Carson;* W. Va.Code § 7–7–8. Although these reasons, along with the ones we expressed in *Carr,* may be accurate and sufficient to hold an assistant prosecuting attorney as an officer in some situations, we find them unavailing in the present situation.

West Virginia Code § 7–7–8 contains some important language that limits the power of an assistant prosecuting attorney and, for purposes of these cases, creates an employer-employee relationship. To begin, we notice that an assistant prosecuting attorney is appointed by the prosecutor "to *assist* him [or her] in the discharge of *his* [or her] *official duties* . . . ." W. Va.Code § 7–7–8 (emphasis added). In other words, the role of an "assistant" is to help the prosecutor fulfill the "official duties" vested in the prosecutor.[17] *Id.* Although an assistant prosecuting attorney "may perform the same duties as his [or her] principal," any authority under this statute allowing an assistant to perform these duties remains subject to the ultimate authority and control of the prosecutor.[18] *Id.* This language read in pari materia with the rest of the paragraph simply gives a prosecutor the broadest possible discretion to delegate his or her "official duties" or other responsibilities to an assistant prosecuting attorney, whose role it is to help fulfill these duties. Moreover, as is explicitly stated in the statute, an "assistant shall serve at the will and pleasure of his [or her] principal . . . ." *Id.*[19] Therefore, it is clear that a prosecutor not only has authority to hire assistants pursuant to the statute,[20] but the prosecutor also has considerable control over

---

Appellees cite West Virginia Code § 6–1–3 (1993). However, we find this section, while mandating that certain officers must take the oath prescribed in our constitution, only otherwise states that certain specified groups of people *are not required under this statute* to take the oath. None of the groups specified apply to assistant prosecuting attorneys.

16. *See* W. Va.Code § 7–7–7 (1993).

17. Even "[t]he designation of 'assistant,' in the ordinary use of the word, does not contemplate a person given the dignity of an officer." 67 C.J.S. *Officers* § 277 at 816 (1978) (footnote deleted).

18. The word "may" infers that it is discretionary whether an assistant prosecutor will perform these duties. On the other hand, the enumerated duties of a prosecutor contained in West Virginia Code § 7–4–1 are preceded most often by the word "shall" which requires certain actions by a prosecutor. *See Weimer–Godwin v. Board of Educ.,* 179 W.Va. 423, 427, 369 S.E.2d 726, 730 (1988) ("The word 'may' generally should be read as conferring both permission and power, while the word 'shall' generally should be read as requiring action."); *Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher,* 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion."). Among the numerous duties of a prosecutor listed in West Virginia Code § 7–4–1, only once is there a reference to an assistant prosecuting attorney. This part of the statute states: "[T]he prosecuting attorney or his [or her] assistant, if any, shall be available for the purpose of advising election officials." W. Va.Code § 7–4–1. How-

ever, we do not believe this language is sufficient to remove an assistant prosecuting attorney from the context of the employer-employee relationship.

19. This quote goes on to provide an assistant prosecuting attorney "may be removed from office by the circuit court . . . for any cause for which his [or her] principal might be removed." W. Va.Code § 7–7–8; *see generally* W. Va. Const. art. 4, § 6 ("Provision for Removal of Officials"); W. Va. Const. art. 4, § 8 ("The legislature, in cases not provided for in this Constitution, shall prescribe, by general laws, . . . the manner in which . . . [public officers and agents] shall be elected, appointed and removed."). Again, this statutory language must be viewed from the perspective of the present situation, and we find the power given to the circuit court primarily serves as an additional safeguard to protect the public. It is not at all designed to make an assistant prosecuting attorney submit "to the will and pleasure" of a circuit court, and, except to the extent provided therein, this language does not relieve the prosecuting attorney of his or her ultimate authority over an assistant prosecuting attorney. Likewise, it does not extinguish the employer-employee relationship. For a discussion of a circuit court's power to disqualify and to appoint a prosecutor or an assistant prosecuting attorney under West Virginia Code § 7–7–8, see *State ex rel. Goodwin v. Cook,* 162 W.Va. 161, 248 S.E.2d 602 (1978).

20. "The prosecuting attorney . . . may, in accordance with and limited by the provisions of section seven [§ 7–7–7] of this article, appoint . . . . an assistant prosecuting attorney . . . ." W. Va. Code § 7–7–8.

assistants after they are hired.[21] In plain words, an assistant prosecuting attorney may be viewed merely as an employee who acts on behalf of a prosecutor in some cases.

In similar situations, other jurisdictions have reached this conclusion with respect to residency requirements. For instance, in *Powell v. State*, 898 S.W.2d 821 (Tex.Cr.App. 1994) (en banc), *cert. denied* —— U.S. ——, 116 S.Ct. 524, 133 L.Ed.2d 431 (1995), the Texas Court of Criminal Appeals was asked to determine if assistant district attorneys are officers subject to the district or county residency requirements in the Texas Constitution.[22] *Id.* at 824. In making its decision, the court relied upon a decision by the Texas Supreme Court in *Aldine Independent School District v. Standley*, 154 Tex. 547, 280 S.W.2d 578 (1955), in which it held that the deciding factor to distinguish between a public officer and an employee is if the individual is conferred with sovereign power for the public's benefit to be exercised largely free from the control of others. *Id.* at 825. With this guidance, the court in *Powell* concluded an assistant district attorney is a public employee, rather than an officer, because "[a]n assistant district attorney acts subject to the control and supervision of the district attorney."[23] *Id.* *See also People v. Dunbar*, 53 N.Y.2d 868, 870–71, 440 N.Y.S.2d 613, 614, 423 N.E.2d 36, 37 (1981) (determining, with respect to defendant's challenge of unauthorized person appearing before grand jury, that "failure to comply with the waiver of nonresidence requirement . . . does not affect the authority or power of an appointee to serve as Special Assistant District Attorney following appointment by the District Attorney and the taking of the oath of office").

In *Grand Jury v. Cecil*, 679 P.2d 1308 (Okla.Ct.App.1983), an Oklahoma appellate court was asked whether an assistant district attorney is an officer for purposes of a removal statute. The court found an assistant district attorney was merely an employee and stated: "He carries out official public duties, but only in the name of the elected district attorney who hires him and only those duties that the district attorney chooses to delegate." *Id.* at 1309. Additionally, the court said an assistant district attorney is not elected, "receives no certificate of election or appointment," does not hold tenure or a fixed term, depends solely upon the district attorney for continued employment, and is assigned no specific duties by statute. *Id.* The court concluded by saying: "The public should be able to look to the one person they invested with sovereign power as responsible for the end result of that power. The district attorney may delegate his duties, but not his power nor ultimate responsibility." *Id.* at 1310.

In light of these cases and the statutorily-created relationship between a prosecuting attorney and an assistant prosecuting attorney in West Virginia, we conclude an assistant prosecuting attorney is not a public officer under West Virginia Code § 7–7–8 for purposes of the citizenship requirement contained within Article IV, Section 4 of the West Virginia Constitution. In making this

---

21. *But see McClung v. Marion County Com'n*, 178 W.Va. 444, 450, 360 S.E.2d 221, 227 (1987) ("A public officer or public employee, even one who serves at the will and pleasure of the appointing authority, may not be discharged in retribution for the exercise of a constitutionally protected right, unless a substantial governmental interest outweighs the public officer's or public employee's interest in exercising such right.").

22. *See* Tex. Const. art. 16, § 14, providing, in part, "all district or county officers [shall reside] within their districts or counties. . . ."

23. In *State ex rel. McElroy v. Anderson*, 813 S.W.2d 128 (Mo.Ct.App.1991), a Missouri appellate court reached a similar conclusion when it reviewed a statutorily created county residency requirement. The Missouri appellate court first made a distinction between "qualification" and "eligibility" and concluded residency is an "eligibility requirement" for those seeking the elected office of prosecutor. *Id.* at 129. However, the court determined residency is not a "qualification" in terms of one's ability to represent the state and the statutory scheme did not impose residency as a condition to be an assistant prosecuting attorney. *Id.* Moreover, the court said an assistant prosecuting attorney is an employee of, and answers to, an elected official, and it is that official who is answerable to the constituents for the employee's conduct. *Id.* Although the statutes involved in *McElroy* are somewhat different than our constitutional and statutory provisions, the court in *McElroy* still recognized that an assistant prosecuting attorney does not act independently of a prosecutor and is subject to a prosecutor's control and supervision.

decision, we are mindful of the criteria listed in *Carson* and the application of that criteria to our decision in *Carr.* As we previously explained, however, *Carr* cannot directly control the present cases because different constitutional and statutory provisions are involved.

■ In accordance with our holding today, we find it necessary to slightly modify syllabus point two of *Carr.* As quoted above, syllabus point two currently states: "[t]he position of assistant prosecuting attorney is an appointed public office and pursuant to *W. Va.Code,* 18–5–1a [1967], a person holding such office is ineligible to serve as a member of any county board of education." We believe the better language appeared at the conclusion of that case, where this Court said: "[T]he position of assistant prosecuting attorney is a 'public officer' within the contemplation of *W. Va.Code,* 18–5–1a [1967], thereby rendering ... [an individual occupying that position] ineligible to serve as a member of any county board of education." 179 W.Va. at 281, 367 S.E.2d at 229. Therefore, we modify syllabus point two of *Carr* to this extent.

### III.

### CONCLUSION

For the foregoing reasons, we find the role played by an assistant prosecuting attorney is insufficient to confer public officer status for purposes of the citizenship requirement contained in Article IV, Section 4 of the West Virginia Constitution. Consequently, there was no impediment in this case to the assistant prosecuting attorney appearing before the grand jury, and the indictments should not have been dismissed. Therefore, we grant a writ of prohibition as moulded.

Writ granted as moulded.

RECHT, Justice, sitting by temporary assignment.