675 S.E.2d 921

**CITY OF BRIDGEPORT, A Municipal Corporation, and Bridgeport Police Civil Service Commission, A Commission Duly Constituted Under the Laws of the State of West Virginia, Petitioners Below, Appellees,**

**v.**

**Robert MATHENY, Respondent Below, Appellant.**

**No. 34220.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 3, 2009.

Decided March 31, 2009.

Gerald E. Blair, Jr., Esq., Blair, Conner & McIntyre, Clarksburg, for the Appellant.

Kathryn K. Allen, Esq., West & Jones, Clarksburg, for the Appellees.

WORKMAN, Justice:[1]

This case is before the Court from an appeal of the March 20, 2008, Memorandum

**1.** Pursuant to administrative order entered March 23, 2009, the Honorable Thomas E.

McHugh, Senior Status Justice, was recalled for

Opinion and Order Concerning Declaratory Relief entered by the Circuit Court of Harrison County, West Virginia, wherein the Circuit Court determined that the Appellant, Robert Matheny, was disqualified from service on the Bridgeport Police Civil Service Commission, by virtue of his holding an "office" with the City of Clarksburg as a Clarksburg City Police Officer. Mr. Matheny argues that the Circuit Court erred in finding that he is prohibited from serving as a commissioner on the police civil service commission in Bridgeport, West Virginia, and in not addressing the timeliness issued raised in connection with the failure of the Appellees, the City of Bridgeport and the Bridgeport Civil Service Commission, to file an action until approximately seven months following Mr. Matheny's appointment. Conversely, the Appellees contend that the Circuit Court correctly entered its ruling in the declaratory judgment action, determining that Mr. Matheny was not eligible to serve on the Bridgeport Police Civil Service Commission, because he holds an office as contemplated by West Virginia Code § 8–14–7 (2007). Based on a complete and thorough review of the parties' arguments and briefs, the record, and all other matters before this Court, we affirm the decision of the Circuit Court.

### I. Factual and Procedural Background

Robert Matheny resided in the City of Bridgeport, and was employed by the City of Clarksburg as a police officer. In February 2007, a vacancy occurred on the Bridgeport Police Civil Service Commission and Mr. Matheny was appointed by the Fraternal Order of Police, Mountaineer Lodge No. 78 (hereinafter "FOP") to fill the vacancy.

In a letter sent to Matthew Wilfong, Secretary of the FOP, on or about June 25, 2007, from James R. Christie, Mayor of the City of Bridgeport, Mayor Christie expressed concerns regarding Mr. Matheny's position as a police officer disqualifying Mr. Matheny from service on the Bridgeport Police Civil Service Commission. On August 27, 2007, Mr. Matheny attended a meeting of the Bridgeport City Council. At that meeting, Mayor Christie refused to recognize the appointment of Robert Matheny by the FOP to the Bridgeport Police Civil Service Commission.

Subsequently, the City of Bridgeport directed that its counsel seek declaratory judgment from the Circuit Court of Harrison County as to whether West Virginia Code § 8–14–7 precluded Mr. Matheny from serving as a commissioner. The Bridgeport Police Civil Service Commission joined as a party. The Circuit Court, in its Memorandum Opinion and Order Concerning Declaratory Relief entered on March 20, 2008, determined that in the context of West Virginia Code § 8–14–7, a police officer is a holder of an "office" that precludes service on a Policeman's Civil Service Commission. Accordingly, Mr. Matheny, as a Clarksburg City Police Officer, was disqualified from service on the Bridgeport Police Civil Service Commission by virtue of his holding an "office" within the meaning of West Virginia Code § 8–14–7. It is this ruling that forms the basis of the current appeal.

### II. Standard of Review

■ This case was filed as a declaratory judgment action regarding the meaning of West Virginia Code § 8–14–7. "A circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. Pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995).

### III. Discussion

#### A. Construction of West Virginia Code § 8–14–7

The issue of first impression before the Court is whether the position of municipal police officer constitutes an "office" within the meaning of West Virginia Code § 8–14–7, thereby making Mr. Matheny ineligible to serve on the Bridgeport Police Civil Service Commission. West Virginia Code § 8–14–7 provides that a policemen's civil service commission

> shall consist of three commissioners, one of whom shall be appointed by the mayor of the city; one of whom shall be appointed by the local fraternal order of police; and the third shall be appointed by the local

temporary assignment to the Supreme Court of Appeals of West Virginia under the provisions of

Article VIII, section 8 of the Constitution of West Virginia.

chamber of commerce, or if there be none, by a local businessmen's association.

*Id.* West Virginia Code § 8–14–7 further provides that

> [n]o commissioner shall hold any other office (other than the office of notary public) under the United States, this State, or any municipality, county or other political subdivision thereof; nor shall any commissioner serve on any political committee or take any active part in the management of any political campaign.

*Id.*

■ While the foregoing statute has not yet been interpreted, the Court previously has addressed whether an assistant prosecuting attorney holds a "public office" within the context of West Virginia Code § 18–5–1a (1967) [2] in *Carr v. Lambert,* 179 W.Va. 277, 367 S.E.2d 225 (1988). In *Carr,* the Court, relying upon its prior decision in *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970), noted that there are several indicia of being a "public officer," which are as follows:

> Among the criteria to be considered in determining whether a position is an office or a mere employment are whether the position was created by law; whether the position was designated [as] an office; whether the qualifications of the appointee have been prescribed; whether the duties, tenure, salary, bond and oath have been prescribed or required; and whether the one occupying the position has been constituted a representative of the sovereign.

*Carr,* 179 W.Va. at 279, 367 S.E.2d at 229 and Syl. Pt. 1 (quoting Syl. Pt. 5, *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970)). The Court determined that the assistant prosecuting attorney was a public office, holding that "[t]he position of assistant prosecuting attorney is an appointed public office and pursuant to *W. Va.Code,* 18–5–1a

[1967], a person holding such office is ineligible to serve as a member of any county board of education." 179 W.Va. at 278, 367 S.E.2d at 226, Syl. Pt. 2.

■ Subsequently, the Court modified the *Carr* decision in *State v. Macri,* 199 W.Va. 696, 487 S.E.2d 891 (1996). In *Macri,* the issue before the Court was whether an assistant prosecuting attorney was a public officer and subject to the citizenship requirement contained within article IV, section 4 of the West Virginia Constitution, which requires citizenship of this State. This Court determined that an assistant prosecuting attorney was not a public officer subject to the citizenship requirement, stating

> [i]n light of these cases and the statutorily-created relationship between a prosecuting attorney and an assistant prosecuting attorney in West Virginia, we conclude an assistant prosecuting attorney is not a public officer under West Virginia Code § 7–7–8 for purposes of the citizenship requirement contained within Article IV, Section 4 of the West Virginia Constitution. In making this decision, we are mindful of the criteria listed in *Carson* and the application of that criteria to our decision in *Carr.* As we previously explained, however, *Carr* cannot directly control the present cases because different constitutional and statutory provisions are involved.

In accordance with our holding today, we find it necessary to slightly modify syllabus point two of *Carr.* As quoted above, syllabus point two currently states: "[t]he position of assistant prosecuting attorney is an appointed public office and pursuant to *W. Va.Code,* 18–5–1a [1967], a person holding such office is ineligible to serve as a member of any county board of education." We believe the better language appeared at the conclusion of that

---

**2.** West Virginia Code § 18–5–1a (1967) provided that

> No person shall be eligible for membership on any county board of education who is not a citizen, resident in such county, or who accepts a position as a teacher or service personnel in any school district, or who is an elected or an appointed member of any political party executive committee, or who becomes a candi-

date for any other office than to succeed himself.

> No member or member-elect of any board of education shall be eligible for nomination, election or appointment to any public office, other than to succeed himself, or for election or appointment as a member of any political party executive committee ....

*Carr v. Lambert,* 179 W.Va. 277, 279, 367 S.E.2d 225, 227 (1988).

case, where this Court said: "[T]he position of assistant prosecuting attorney is a 'public officer' within the contemplation of *W. Va.Code*, 18–5–1a [1967], thereby rendering ... [an individual occupying that position] ineligible to serve as a member of any county board of education." 179 W.Va. at 281, 367 S.E.2d at 229. Therefore, we modify syllabus point two of *Carr* to this extent.

*Macri*, 199 W.Va. at 705–06, 487 S.E.2d at 900–01 and Syl. Pt. 5. What is clear is that whether a position is a public office or whether a person is a public officer may differ in accordance with the statutory or constitutional provisions under which a given position is being examined.

■ With the foregoing law in mind, it is appropriate to analyze whether a police officer occupies an "office" for purposes of West Virginia Code § 8–14–7 using the same criteria we used in *Carr*.[3] We first examine whether the position of police officer is created by law. *Carr*, 179 W.Va. at 279, 367 S.E.2d at 227. It is undeniable that a police officer's position is established by the provisions set forth in West Virginia Code §§ 8–14–1 to –24 (2007).

Next, while there is no specific designation in the statutory scheme regarding whether police officers hold "office," West Virginia Code § 8–14–3 does provide for a police officer's removal from office for the failure to discharge any of the duties set forth in the statutory provision. *Carr*, 179 W.Va. at 279, 367 S.E.2d at 227. We do not find the lack of any express statutory language concerning this particular criteria determinative of the issue as our prior holdings do not, in any way, dictate that there be positive proof supportive of an "office" as to all the various criteria.[4] *See id.*

As to the third criteria, the qualifications of a police officer are prescribed by the law set forth in various statutory provisions contained within West Virginia Code §§ 8–14–1 to –24, including, but not limited to West Virginia Code § 8–14–6, West Virginia Code § 8–14–7, West Virginia Code § 8–14–11, and West Virginia Code § 8–14–12. *See Carr*, 179 W.Va. at 279, 367 S.E.2d at 227. These various statutory provisions cover testing requirements, physical fitness requirements, age requirements, and residency requirements.

Further, just as the qualifications are established by statute, so are a police officer's duties, tenure, salary, bond and oath prescribed or required by statute. *See generally* W. Va.Code §§ 8–14–1 to –24; *see Carr*, 179 W.Va. at 279, 367 S.E.2d at 227. For instance, West Virginia Code § 8–14–2 sets forth the hours of duty for police officers in a paid police department under civil service, as well as overtime compensation or time off. West Virginia Code § 8–14–2a provides for how police officers are to be compensated who are required to work during holidays. A police officer's general duties are established in West Virginia Code § 8–14–3. A police officer is also required to state an oath or affirmation at the time of application to become an officer. W. Va.Code § 8–14–12.

Lastly, we examine whether a police officer is a representative of the sovereign. *Carr*, 179 W.Va. at 279, 367 S.E.2d at 227. It is undeniable that a police officer is vested with the power to enforce the laws of this State. West Virginia Code § 8–14–3 provides that

> any member of the police force or department of a municipality ... shall have all of the powers, authority, rights and privileges within the corporate limits of the municipality with regard to the arrest of persons, the collection of claims, and the execution and return of any search warrant, warrant of arrest or other process, which can legally be exercised or discharged by a deputy sheriff of a county....

---

**3.** The Circuit Court engaged in this same analysis in reaching its decision in this matter.

**4.** The Circuit Court, in determining whether the position was designated as an office, relied upon a decision reached by the Court of Appeals of Ohio in *State ex rel. Mikus v. Hirbe*, 5 Ohio App.2d 307, 215 N.E.2d 430 (1965), in which the Ohio Court stated that "[w]e think it follows logically that, if one is a public officer, he is such because he occupies a public office. The duties of the police officers concern the public, and, in this matter, public officer and public office ought to be considered inseparable." *Id.* at 431–32. We do not think that the Circuit Court erred in following the rationale of the Ohio court in *Hirbe* regarding this particular criteria.

It shall be the duty of the ... police officers of every municipality and any municipal sergeant to aid in the enforcement of the criminal laws of the state within the municipality, independently of any charter provision or any ordinance or lack of an ordinance with respect thereto, and to cause the arrest of or arrest any offender and take him before a magistrate to be dealt with according to the law. Failure on the part of any such official or officer to discharge any duty imposed by the provisions of this section shall be deemed official misconduct for which he may be removed from office. Any such official or officer shall have the same authority to execute a warrant issued by a magistrate, and the same authority to arrest without a warrant for offenses committed in his presence, as a deputy sheriff.

*Id.* Because of the authority vested in police officers regarding the enforcement of the laws of this State, as well as the consequences for the failure to carry out the statutory duties, it is clear that a police officer is a representative of the sovereign.

The Circuit Court correctly applied the criteria established by the Court in *Carson* in reaching the determination that Mr. Matheny held an "office" as a police officer. Accordingly, we hold that an individual who occupies the position of a municipal police officer holds an office within the contemplation of West Virginia Code § 8–14–7, thereby rendering the individual ineligible to serve as a commissioner of any police civil service commission.

### B. Appropriateness of Declaratory Judgment Action

■ An additional argument raised by Mr. Matheny concerns the timeliness of the issue raised. Mr. Matheny maintains that the City of Bridgeport did not file its action until September 11, 2007, approximately seven months following Mr. Matheny's appointment. Mr. Matheny argues that this is contrary to the provisions of West Virginia Code § 8–14–7. The Appellees, however, argue that they appropriately and legally sought an

opinion from the *Circuit Court* concerning Mr. Matheny's eligibility to serve as a commissioner and, therefore, declaratory relief prior to any removal or official action was the correct course of action.

■ A declaratory judgment action is a proper procedural means for adjudicating the legal rights of parties to an existing controversy that involves the construction and application of a statute. West Virginia Code § 55–13–1 (2000) provides:

Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

*Id.* Additionally, "[a]ny person ... whose rights, status or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status or other legal relations thereunder." W. Va.Code § 55–13–2 (2000).

■ As Justice Cleckley explained in his concurring opinion to *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995), the Declaratory Judgment Act, W. Va.Code §§ 55–13–1 to –16 (2000), "is designed to enable litigants to clarify legal rights and obligations before acting upon them." 195 W.Va. at 618, 466 S.E.2d at 469 (Cleckley, J., concurring). Thus, "the principal purpose of a declaratory judgment action is to resolve legal questions." *Joslin v. Mitchell*, 213 W.Va. 771, 775, 584 S.E.2d 913, 917 (2003).

Despite the Appellant's contention that the Appellees were attempting to remove the Appellant from his position as a commissioner and, therefore, the Appellees had to comply with the provisions of West Virginia Code § 8–14–7 [5] concerning removal of a commis-

---

**5.** West Virginia Code § 8–14–7 provides:

The mayor may, at any time, remove any commissioner or commissioners for good cause, which shall be stated in writing and made a part of the records of the commission:

Provided, That once the mayor has removed any commissioner, the mayor shall within ten days thereafter file in the office of the clerk of the circuit court of the county in which the city or the major portion of the territory thereof is

sioner, we find from our review of the record in this case that such is not the case. This action was brought as a declaratory judgment action whereby the Appellees were seeking a declaration of the meaning of a specific statute in an action where both the Appellees and the Appellant were interested parties. W. Va.Code § 55–13–2. Consequently, this Court disagrees with the Appellant's argument on this issue and concludes that the declaratory judgment was properly pursued and the Circuit Court properly issued its ruling in the action.

> located a petition setting forth in full the reason for said removal and praying for the confirmation by said circuit court of the action of the mayor in so removing the said commissioner. A copy of said petition shall be served upon the commissioner so removed simultaneously with its filing in the office of the clerk of the circuit court and shall have precedence

### IV.   Conclusion

Based upon the foregoing, the decision of the Circuit Court of Harrison County, West Virginia is affirmed.

Affirmed.

Senior Status Justice McHUGH sitting by temporary assignment.

> on the docket of said court and shall be heard by said court as soon as practicable upon the request of the removed commissioner or commissioners.
>
> *Id.*