**The GRAND JURY OF McCURTAIN COUNTY, State of Oklahoma, Appellee,**

v.

**Al CECIL, Appellant.**

**No. 57266.**

Court of Appeals of Oklahoma, Division No. 2.

July 26, 1983.

Released for Publication by Order of Court of Appeals Aug. 26, 1983.

Jerry L. McCombs, McCombs & Brock, Idabel, for appellant.

Jan Eric Cartwright, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

BOYDSTON, Judge.

The dispositive issue in this appeal is whether an assistant district attorney is an "officer" subject to the removal provisions of 22 O.S.1981 § 1181. We find he is not and reverse.

The pertinent statute provides:

"Any officer not subject to impeachment *elected* or *appointed* to any state, county, township, city, town, or other office under the laws of the state may, in the manner provided in this article, be removed from office for any of the following causes:

"First. Habitual or willful neglect of duty.

"Second. Gross partiality in office.

"Third. Oppression in office.

"Fourth. Corruption in office.

"Fifth. Extortion or willful overcharge of fees in office.

"Sixth. Willful maladministration.

"Seventh. Habitual drunkenness.

"Eighth. Failure to produce and account for all public funds and property in his hands, at any settlement or inspection authorized or required by law." (emphasis added; footnote omitted)

An assistant district attorney is an employee of an elected district attorney, not an officer. He carries out official public duties, but only in the name of the elected district attorney who hires him and only those duties that the district attorney chooses to delegate.

An assistant district attorney's position is not an elected office. He receives no certificate of election or appointment and has no tenure or fixed term of office. His continued employment is dependent solely upon the will of the district attorney who hires him. He is not assigned specific duties by statute.

In *Guthrie Daily Leader v. Cameron*, 3 Okl. 677, 41 P. 635 (1895), the supreme court discussed the distinction between an "officer" and an "employee" in deciding whether a statutorily authorized public printer was a "public officer."

The court, citing hornbook law, said in part:

" 'A public office is the right, authority, and duty created and conferred by law, by which, *for a given period,* either fixed by law or enduring at the pleasure of the creating power, *an individual is invested with some portion of the sovereign functions of the government,* to be exercised for the benefit of the public. The individual so invested is a public officer.' " (emphasis added)

In *Farley v. Board of Education of City of Perry,* 62 Okl. 181, 162 P. 797 (1917), the court considered whether a superintendent of a public school was an "officer" or "employee."

The court said in part:

"An office is a public charge or employment, but not every employment is an office. The duties of an officer are fixed by law, and an employment arising out of a contract, whereby *the person employed acts under the direction or control of others, and which employment depends for its duration and extent upon the terms of such contract, is not an office.*" (emphasis added)

The *Farley* court then cited *State v. Spaulding,* 102 Iowa 639, 72 N.W. 288 (1897), in which the Iowa Supreme Court held:

"So a 'position the duties of which are undefined, and which can be changed at the will of the superior, ... is not an office, but a mere employment, and the incumbent is not an officer, but a mere employé [sic].' " (citations omitted)

 We do not believe the legislature intended through this statute to enable an elected district attorney to be shielded from the irresponsible or illegal acts of his chosen assistants when he alone has the authority to control their actions and to fire them. The public should be able to look to the one person they invested with sovereign power as responsible for the end result of that power. The district attorney may delegate his duties, but not his power nor ultimate responsibility.

We reverse and remand with directions to dismiss the Accusation for Removal.

BACON, P.J., and MEANS, J., concur.