**Melvin James BATTIEST, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–21.**

Court of Criminal Appeals of Oklahoma.

May 12, 1988.

Joe P. Robertson, Wagoner, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Melvin James Battiest, was convicted in the District Court of Wagoner County, Case No. CRF–84–73, of the crime of Murder in the First Degree, was sentenced to life imprisonment, and he appeals.

The facts disclosed by the parties and the record reveal that the appellant and a codefendant were in the company of Donald Cantrell, the victim of the murder, on April 22, 1984, at Wahoo Bay on Fort Gibson Lake. The following day, Cantrell's body was found by the lake, robbed and murdered. On April 24, a person who had been in Cantrell's company shortly before he disappeared on April 22, learned of the murder and contacted the Sheriff's Office, telling them that she had been with the victim, the appellant, and the codefendant at Wahoo Bay, had left them alone, and upon returning saw only the appellant and the codefendant. Later that day, on April 24, the appellant and his common-law wife were taken into custody by Muskogee Police. Appellant's wife was booked as a material witness; appellant was booked and eventually charged with murder. Appellant made a confession to the police, who took his statement and held him in custody until his first trial. A mistrial was declared when appellant's attorney became ill to the point that he could not speak. Approximately 7 months later, appellant's case was retried, and he was convicted and sentenced to life imprisonment.

■ For his first assignment of error appellant asserts that he was charged and tried in the District Court of Wagoner County and prosecuted by an Assistant United States Attorney who was without authority to prosecute the case. Sheldon Sperling, the prosecuting attorney in this case, took the oath of office as an Assistant United States Attorney for the Eastern District of Oklahoma prior to appellant's trial; however, at the motion hearing held on the issue, Mr. Sperling testified that he had been retained as an Assistant District Attorney to try this case and one other case. Appellant, however, argues that Article II, § 12 of the Oklahoma Constitution mandates that Sperling's tenure as an Assistant District Attorney terminated upon his taking the oath of office and beginning his duties as an Assistant United States Attorney. Article II, § 12 of the Oklahoma Constitution provides that:

No member of Congress from this State, or person holding any office of trust or profit under the laws of any other State, or of the United States, shall hold any office of trust or profit under the laws of this State.

However, since an Assistant District Attorney does not occupy a public office, but instead is an employee of an elected official, Article II, § 12 of the Oklahoma Constitution is inapplicable to this case. *See Grand Jury of McCurtain County v. Cecil*, 679 P.2d 1308 (Okl.App.1983). Also, the State's Motion to Supplement the Record on Appeal contains copies of documents which clearly show that Gerald Hunter, the District Attorney for the district that includes Wagoner County, retained Sperling as an Assistant District Attorney through July 3, 1985, one day after appellant's trial. This contention is accordingly denied.

■ Appellant next contends that he was effectively denied the right to counsel because he was transferred from the Wagoner County Jail to the Tulsa County Jail a few weeks before his trial. He argues that his absence from Wagoner County prevented his attorney from preparing for trial. We first note that appellant has failed to cite any authority in support of this assignment; thus, we will not search the books

for authorities to support it. *Sullivan v. State*, 716 P.2d 684 (Okl.Cr.1986). Furthermore, the record reveals that appellant was only absent from Wagoner County from May 23, 1985, to June 12, 1985, and that appellant had from that date until the date of his trial on June 24, 1985, to confer with his attorney. This assignment of error is without merit.

In his third assignment of error appellant alleges that he was denied his right to be present at all stages of the proceedings against him because of his absence at a hearing on May 29, 1985. This assignment is also unsupported by authority; thus we will not consider it. *Id.*

▉ Appellant finally urges that the State induced him to make a statement by offering him a plea bargain through his common-law wife, Linda Bechtal, and that the State then failed to keep its end of the bargain. He further argues that his confession was improperly admitted at trial. At the hearing on the Motion to Suppress, Linda Bechtal testified that Undersheriff Joe Reynolds and Investigator Jim Lowry told her that they could not talk to appellant since he had requested an attorney, but that she could, and that if she would persuade him to tell them what happened they would recommend to the District Attorney that the charges against appellant be reduced. However, the officers testified that Linda Bechtal and appellant initiated the contact with them, that they read appellant his *Miranda* rights a second time before talking with him, and that they did not promise appellant anything in return for his statement. This Court has held that the question of suppressing evidence is a judicial question, and we will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the judge's findings. *Isom v. State*, 646 P.2d 1288, 1291 (Okl.Cr. 1982). Consequently, we uphold the trial court's ruling admitting the confession and its finding that the officers did not offer appellant leniency in exchange for his statements.

The judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in results.