947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin James BATTIEST, Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 91-7072.
 United States Court of Appeals, Tenth Circuit.
 Oct. 24, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant in forma pauperis status and a certificate of probable cause and proceed to the merits of the case.
 
 
 2
 Petitioner Melvin James Battiest appeals from the dismissal of his habeas corpus petition by the Eastern District of Oklahoma. After a jury trial, petitioner was convicted of first degree murder and sentenced to life imprisonment. Petitioner appealed his conviction to the proper state appellate court, which affirmed petitioner's conviction. Battiest v. Cowley, 755 P.2d 688 (Ct.Crim.App.Okla.1988). Petitioner then sought state post-conviction relief in the District Court of Wagoner County, Oklahoma, contending that he received ineffective assistance of appellate counsel on direct appeal. As evidence of ineffectiveness, petitioner presented five issues which his counsel failed to raise on appeal. The court denied his petition by order dated December 13, 1988.
 
 
 3
 Petitioner appealed this denial of post-conviction relief to the Oklahoma Court of Criminal Appeals, which remanded the case to the district court for further consideration and findings as to whether petitioner was deprived of effective assistance of counsel. After a finding by the district court that petitioner had not been so deprived, petitioner appealed this second district court order to the Court of Criminal Appeals, which affirmed the District Court Order on March 7, 1989, in Case No. PC-89-29.
 
 
 4
 Petitioner then sought relief in federal district court through a writ of habeas corpus, once again claiming that his appellate counsel had failed to provide effective representation. As in the state court proceedings, petitioner's claim rested on the five "meritorious issues" counsel did not raise before the state appellate court. The district court rejected petitioner's claim, agreeing instead with a magistrate's finding that petitioner was actually presenting six distinct issues on appeal, only one of which had been exhausted in state court proceedings. The district court held, therefore, that consideration of petitioner's writ of habeas corpus was improper because petitioner had not yet exhausted all available state court remedies. The district court then dismissed the case.
 
 
 5
 Following an appeal to this court, we reversed the finding of the district court, holding that petitioner had properly appealed only the effectiveness issue as supported by the five subordinate issues. Because petitioner had exhausted state court remedies for his ineffectiveness of counsel claim, it became appropriate for him to pursue that claim in federal court on a writ of habeas corpus. We then remanded the case to the federal district court. Tenth Circuit Remand Order of November 6, 1990.
 
 
 6
 On remand, a magistrate judge found that petitioner's counsel provided adequate representation. The magistrate judge set out the reasons for his decision in his Findings and Recommendations of April 9, 1991. On April 25, 1991, petitioner filed an objection to those Findings and Recommendations, alleging that they were erroneous and arbitrary. The district court found petitioner's objections to be meritless and subsequently adopted the magistrate judge's Findings and Recommendations on May 2, 1991.
 
 
 7
 Petitioner appealed the decision of the federal district court to this court on July 1, 1991. We have already determined that the original petition raised only one issue--ineffective assistance of counsel--as illustrated by five examples. See Battiest v. Cowley, No. 90-7024 (10th Cir.1990). Thus, on this appeal, the only issue properly before this court is whether petitioner received ineffective assistance of counsel. This court holds, for substantially the reasons set forth in the magistrate judge's Findings and Recommendations, that petitioner has not been deprived of effective representation.
 
 
 8
 We therefore AFFIRM the district court order. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3