Dear President Taylor,
¶ 0 This office has received your letter requesting an official Opinion addressing the following question:
Does state law prohibit an assistant district attorney fromserving as a Justice of the Judicial Appeals Tribunal of theCherokee Nation?
¶ 1 Your question asks whether state law[1] prohibits an assistant district attorney from serving as a justice or judge of a tribal court. In other words, would such an arrangement violate the constitutional or statutory prohibitions against dual office holding found in Article II, Section 12 of the Oklahoma Constitution and 51 O.S. 6 (1991)?
¶ 2 Article II, Section 12 of the Oklahoma Constitution states:
 No member of Congress from this State, or person holding any office of trust or profit under the laws of any other state, or of the United States, shall hold any office of trust or profit under the laws of this State.
¶ 3 For the provisions of Article II, Section 12 to apply the person must hold an office of trust or profit under the laws of Oklahoma. The question therefore becomes: "Does an assistant district attorney hold an office of profit or trust?" This question was addressed in Battiest v. State, 755 P.2d 688
(Okla.Crim.App. 1988) wherein an appellant argued that Article II, Section 12 ofthe Oklahoma Constitution mandated that an assistant district attomey's tenure terminated upon his taking the oath of office and beginning his duties as an Assistant United States Attorney.
¶ 4 The Court of Criminal Appeals found that an assistant district attorney does not occupy a public office, but is instead an employee of an elected official and that, therefore, Article II, Section 12 is inapplicable. In Battiest, the court relied on Grand Jury of McCurtain County v. Cecil, 679 P.2d 1308
(Okla.Ct.App. 1983). The question in Cecil was whether an assistant district attorney was an "officer" subject to the removal provisions of 22 O.S. 1181 (1981). The court found that an assistant district attorney was not an officer and not subject to the removal provisions. The court found that an assistant district attomey is an employee of the elected district attorney:
 An assistant district attorney is an employee of an elected district attomey, not an officer. He carries out official public duties, but only in the name of the elected district attorney who hires him and only those duties that the district attorney chooses to delegate.
 An assistant district attorney's position is not an elected office. He receives no certificate of election or appointment and has no tenure or fixed term of office. His continued employment is dependent solely upon the will of the district attorney who hires him. He is not assigned specific duties by statute.
Cecil, 679 P.2d at 1309.
¶ 5 The distinction between an officer and an employee has been recognized since territorial days. In Guthrie Daily Leader v.Cameron, 41 P. 635 (Okla. 1895), the Court made the following distinction between an officer and employee:
 A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public. The individual so invested is a public officer.
Id. at 636.
¶ 6 An assistant district attorney is not an officer and, therefore, the prohibitions found in Article II, Section 12 do not prohibit serving as a tribal judge and justice.
¶ 7 Another provision of Oklahoma law which might act to prohibit the dual service of one individual as both an assistant district attorney and a judge or justice of a tribal court is the dual-office holding prohibition found in 51 O.S. 6 (1991). The prohibition against dual office holding found in Section 51 O.S. 6 provides in pertinent part:
 Except as may be otherwise provided, no person holding an office under the laws ofthe state and no deputy of any officer so holding any office shall, during the person's term of office, hold any other office or be the deputy of any other officer holding any office, under the laws of the state.
51 O.S. 6(A) (1991).
¶ 8 The dispositive question is whether both the position of assistant district attorney and tribal judge are public offices for purposes of 51 O.S. 6 (1991), as both positions must be deemed "offices" for the prohibition to apply. A tribal judicial office is not created "under the laws of the state" and, therefore, there is no simultaneous holding of two state offices.
¶ 9 Any time a state employee, such as an assistant district attorney, considers secondary employment they should be mindful of the provisions of the Ethics Rules which mandate that a state employee shall not accept employment which would impair his or her independence of judgment. Specifically 257:20-1-4 of Oklahoma Statutes Title 74 provides:
(c) No state officer or state employee shall:
 (2) [A]ccept or solicit other employment which would impair his or her independence of judgment in the performance of his or her public duties.
¶ 10 In Attorney General Opinion 88-023 it was opined that "[t]he determination of whether or not the secondary employment would impair the independent judgment of the employee is . . . a fact question which must be considered on a case by case basis." (citing Attorney General Opinion 74-149). It was noted that dual employment is permissible as long as a conflict of interest does not arise as to the duties of each job and the hours of each job are not contemporaneous. Dual employment is not, however,per se prohibited.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Neither Article II, Section 12 of the Constitution nor 51O.S. 6 (1991) prohibit an assistant district attorney for theState of Oklahoma from serving as a justice of the JudicialAppeals Tribunal of the Cherokee Nation.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] This Opinion is limited to application of State Law. It does not address limitations, if any, imposed by Cherokee Nation law.