Dear District Attorney Robert Shulte
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
May a full-time assistant district attorney also hold theposition of a part-time municipal judge within the samedistrict?
¶ 1 Under Oklahoma law, state officers and the deputies thereof are prohibited, unless otherwise provided by law, from holding two offices concurrently:
 Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office shall, during the person's term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state.
51 O.S. Supp. 2000, § 6[51-6](A).[1]
¶ 2 Therefore, if Section 6(A) is to prevent an assistant district attorney from serving as a municipal judge it must be determined that both an assistant district attorney and a municipal judge are either "officers" or "deputies."
 State Officer Analysis
¶ 3 This office has addressed this issue previously in A.G. Opin. 70-299, wherein we concluded that both assistant district attorneys and municipal judges were state officers. Id. at 303;see also A.G. Opin. 80-7, 16 (concluding that municipal judges are state officers). Therefore, an assistant district attorney would be subject to 51 O.S. Supp. 2000, § 6[51-6], and thereby prohibited from serving simultaneously as a municipal judge. However, subsequent to Opinion 70-299 two Oklahoma appellate courts have held that assistant district attorneys are, in fact, not state officers. See Battiest v. State, 755 P.2d 688, 689
(Okla.Crim. 1988); Grand Jury v. Cecil, 679 P.2d 1308, 1309
(Okla.Ct.App. 1983).
¶ 4 In Cecil the Oklahoma Court of Civil Appeals held that an assistant district attorney was merely an employee of the elected district attorney and was therefore not an "officer" subject to Oklahoma's statutory provision regarding removal of state officers. Id. at 1309. In reaching its conclusion, the court relied upon a long-established test first set forth in GuthrieDaily Leader v. Cameron, 41 P. 635, 637-38 (Okla. 1895):
 A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public. The individual so invested is a public officer.
Id. at 636 (citation omitted).
¶ 5 In applying the Guthrie criteria to the position of assistant district attorney, the court in Cecil concluded that because an assistant district attorney is neither elected nor appointed for a fixed term and is not assigned specific duties by statute, the assistant district attorney is a mere at-will employee and not an officer. Cecil, 679 P.2d at 1309.[2]
¶ 6 In Battiest, 755 P.2d at 689, the Oklahoma Court of Criminal Appeals relied upon the holding in Cecil to conclude that an assistant district attorney does not occupy an office for purposes of the dual office holding prohibition found at ArticleII, Section 12 of the Oklahoma Constitution. This office has followed the rulings of Cecil and Battiest to conclude that an assistant district attorney is not an officer. A.G. Opin. 99-41, 199-200. Therefore, if assistant district attorneys are to be prohibited from concurrently serving as municipal judges, it must be established that district attorneys are state officers and assistant district attorneys are deputies of such officers.[3]
 Deputy Analysis
¶ 7 The "office" of district attorney was established pursuant to the provisions of 19 O.S. 1991, § 215.1[19-215.1]. The issue of whether assistant district attorneys are deputies of district attorneys for purposes of 51 O.S. Supp. 2000, § 6[51-6] has never been addressed in any published Oklahoma opinion or any previous Opinion of the Attorney General. Section 6 does not define "deputy," nor does any other provision of Title 51. When Section 6 was originally codified in 1910, the predecessors to modern day assistant district attorneys were referred to as "assistant" county attorneys, not "deputy" county attorneys. Okla. Rev. Stat. Ann., ch. 16, art. VII, § 1563 (1910). However, both before and after 1910, the Oklahoma Legislature used the terms "deputy county attorney" and "assistant county attorney" interchangeably. Okla. Stat., ch. 24, art. IV, § 14 (1890); 1915 Okla. Sess. Laws ch. 134, § 1. In fact, in the preamble to the 1915 Session Law referencing "deputy" county attorneys, the Legislature stated that the county attorney was currently allowed a "deputy" by law, when in fact the statute at that time provided only for an "assistant." 1915 Okla. Sess. Laws, ch. 134, § 1; Okla. Stat., ch. 24, art. IV, § 14 (1890).
¶ 8 Similarly, several Oklahoma cases have used the term deputy district or county attorney. See State ex rel. Blankenship v.Atoka County, 456 P.2d 537, 539 (Okla. 1969) (referring to the "district attorney and his deputies"); State ex rel. Reardon v.Harper, 123 P. 1038, 1040 (Okla. 1912) (using the term "deputy district attorneys"); Viers v. State, 134 P. 80, 82-83 (Okla. Crim. 1913) (using both "deputy county attorney" and "assistant county attorney"). Regardless of the statutory label or the case law nomenclature, the mere use of the term "deputy" is not conclusive as to the actual classification; rather, one must look to the nature of the position. See Sanchez v. Murphy,385 F. Supp. 1362, 1365 (Nev. 1974).
¶ 9 In common usage, a deputy is "a person appointed, . . . as the substitute of another and empowered to act for him, in his name, or in his behalf . . . a second in command or an assistant who usu[ally] takes charge when his superior is absent." Webster's Third New International Dictionary 607 (3rd ed. 1993).Black's Law Dictionary defines a deputy as follows:
 A substitute; a person duly authorized by an officer to exercise some or all of the functions pertaining to the office, in the place and stead of the latter. One appointed to substitute for another with power to act for him in his name or behalf. A substitute for another and is empowered to act for him in his name and behalf in all matters in which principal may act.
Black's Law Dictionary 398 (5th ed. 1979).
¶ 10 Oklahoma case law defining the position of deputy is quite limited. In Oklahoma City v. Century Indemnity Co., 62 P.2d 94
(Okla. 1936) the Oklahoma Supreme Court, in determining whether a deputy is a public officer, stated the following: "[t]he business and object of a deputy is to perform the duties of his principal. . . . and a deputy is ordinarily regarded as the agent or servant of his principal." Id. at 97 (citation omitted).
¶ 11 Other jurisdictions have applied a similar test: "A deputy is one who is clothed with the powers of the principal, but who acts in the name of his principal." Owen v. Arkansas,565 S.W. 2d 607, 609 (Ark. 1978) (citation omitted). In Owen, the Arkansas Supreme Court distinguished a "deputy prosecuting attorney" who acts in the name of his principal, from a "special prosecuting attorney" who acts in his own name as a substitute for the prosecuting attorney. Id. at 609-10. See alsoBlackburn v. Brorein, 70 So. 2d 293, 296 (Fla. 1954) (citation omitted) (stating that a deputy is a person appointed to act for another, who may do anything his principal may do, and for whose acts the principal is responsible); State ex rel. Sawyer v.Mangni, 43 N.W. 2d 775 (Minn. 1950) (holding that "[a] deputy may act in behalf of his principal in `all matters in which the principal may act'" and a "principal is liable for the acts of his deputy"). Id. at 779 (citations omitted).
¶ 12 Therefore, the factors used to determine whether an assistant district attorney is a deputy under Oklahoma law include whether the assistant district attorney is authorized to act in the name and under the authority of the district attorney, and perform all the duties of the district attorney, and whether the district attorney is responsible for the acts of the assistant district attorney.
¶ 13 Like district attorneys, assistant district attorneys are authorized by statute to prosecute all actions for crime committed in the district, to try all civil actions in which a county in the district is a party, to assist the grand jury, and to give opinions and advice to the board of county commissioners and other civil offices of counties in the district. See 19 O.S. Supp. 2000, § 215.4[19-215.4]; 19 O.S. 1991, §§ 215.5[19-215.5], 215.13.See also McMillan v. State, 238 P. 510 (Okla.Crim. 1925) (holding that assistant county attorneys may perform any duty imposed upon the county attorney). Assistant district attorneys also routinely perform the discretionary duties of the district attorney by determining whether to file charges, signing an information, appearing in court in the name of the district attorney, deciding whether to enter into plea bargains and deciding whether to recommend that charges be dismissed. Accordingly, assistant district attorneys are authorized to act in the name and under the authority of the district attorney and perform all the duties of the district attorney.
¶ 14 Furthermore, district attorneys are liable for the irresponsible or illegal acts of their chosen assistants. SeeCecil, 679 P.2d at 1310. Therefore, assistant district attorneys are deputies under the established case law tests.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Assistant district attorneys are "deputies" of state officersfor purposes of the dual office holding prohibition of 51 O.S.Supp. 2000, § 6[51-6]. Therefore, as municipal judges are stateofficers, assistant district attorneys are prohibited fromserving concurrently as municipal judges.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
RICHARD D. OLDERBAK ASSISTANT ATTORNEY GENERAL
[1] Section 6(A) goes on to enumerate twenty-four exceptions to the prohibitions, none of which apply to the present question.See id. § 6(A)(1)-(24).
[2] It must be noted that Cecil is merely persuasive authority and not precedential authority under Oklahoma law.See Okla. Sup. Ct. R. 1.200(c)(2).
[3] Because the present question can be answered through the deputy analysis, this Opinion does not address the construction of 19 O.S. Supp. 2000, § 215.30[19-215.30](B) which classifies appointees of district attorneys as state officers.